# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIP KNOWLES and <br> LOUISE KNOWLES | § <br> § <br> § <br> § | |
| V. | § <br> § | CASE NO. 4:07-CV-578 <br> (Judge Schneider/Judge Mazzant) |
| UNITED STATES OF AMERICA, by and through the FEDERAL BUREAU OF INVESTIGATION of the UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, Attorney General of the United States of America, and AGENT MONIQUE WINKIS, individually | § <br> § <br> § <br> § <br> § <br> § <br> § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On July 24, 2009, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants United States of America, Eric H. Holder[1], and Agent Monique Winkis' Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Lack of Personal Jurisdiction, for Failure to State a Claim, and for Judgment on the Pleadings Under Rule 12(b)(1), (2), (6) and 12(c) (Dkt. #44) be GRANTED.

On August 4, 2009, Plaintiffs file an objection to the report and recommendation. On August 5, 2009, Defendants filed a response. Plaintiffs' only objection addresses the recommendation to dismiss Plaintiffs' claim for negligence and intentional infliction of emotional distress based upon the discretionary function exception of the Federal Tort Claims Act ("FTCA"). Specifically,

---

[1] Defendant Eric H. Holder is sued in his official capacity only. Suit against a government official in their official capacity is equivalent to suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). All claims against Eric H. Holder have been treated as claims against the United States.

Plaintiffs assert that more discovery should be allowed so they can determine whether there existed any FBI or Department of Justice regulation or directive on the proper method for obtaining an investigative subpoena. Defendants point out in their response that this argument is new and should not be considered because it was not raised before the Magistrate Judge. The Court agrees. This argument should have been presented to the Magistrate Judge, and Plaintiffs cannot wait until after all briefing on the motion is completed and a decision is made on the motion to raise a request for discovery for the first time. Even if the argument had been raised before the Magistrate Judge, discovery is not necessary when the discretionary function exception is invoked. *See Freeman v. United States*, 556 F.3d 326, 342-43 (5th Cir. 2009). However, even if Plaintiffs' objection had merit, Plaintiffs failed to object to the remainder of the Magistrate Judge's findings which provide an independent basis for dismissal of this case.

The Court, having made a *de novo* review of the objections raised by Plaintiffs, as well as Defendants' response to Plaintiffs' objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendants United States of America, Eric H. Holder, and Agent Monique Winkis' Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction, for

Lack of Personal Jurisdiction, for Failure to State a Claim, and for Judgment on the Pleadings Under Rule 12(b)(1), (2), (6) and 12(c) (Dkt. #44) is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED this 31st day of August, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE